United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Josue Cepero and Leticia Cepero, Appellants, <br><br> v. <br><br> David M. Gersten, as Court-Appointed Receiver for the Hammocks Community Association Inc., Appellee. | Bankruptcy Appeal <br> Case No. 23-21795-Civ-Scola <br> (BKC Docket No. 17-20358-LMI) |

## Order Dismissing Appeal as Moot

      Previously, the United States Bankruptcy Court for the Southern District of Florida entered a series of orders finding Hammocks Community Association, Inc. (the "HOA") and Marglli Gallego, its former president, in contempt. The HOA and Gallego appealed several of those orders to this Court, in another case, Case No. 22-cv-22686-RNS (the "Contempt Orders Appeal"). While that appeal was pending, Appellee David M. Gersten, as court-appointed receiver for the Hammocks Community Association Inc. (the "Receiver"), filed a Rule 60 motion, asking the bankruptcy court to reconsider several of those contempt orders. When the bankruptcy court denied that motion, Appellants Josue Cepero and Leticia Cepero moved the bankruptcy court, *ore tenus*, for attorney's fees, which was also denied. The order memorializing the bankruptcy court's denial of those two motions (Bankr. Ct. Order, ECF No. 15-3, 246 (Bankr. Ct. Dkt. 550)) spawned two more appeals, while the Contempt Orders Appeal was still pending, both of which were transferred to this Court: the Receiver's appeal of the denial of its Rule 60 motion, Case No. 23-cv-21612-RNS (the "Rule 60 Appeal"); and this case, the Ceperos' appeal of the denial of their fees motion.

      Since the filing of Ceperos' appeal of the denial of their fees motion and the Receiver's Appeal, however, this Court has affirmed in part and reversed in part the bankruptcy court's contempt orders, remanding the matter to the bankruptcy court for further proceedings. *In re Cepero*, 22-22686-CIV, 2023 WL 4145001, at *1 (S.D. Fla. June 23, 2023), *reh'g denied*, 22-22686-CIV, 2023 WL 4637309 (S.D. Fla. July 20, 2023). Accordingly, the Court has closed the Receiver's Appeal, finding the issues therein mooted by the Court's partial reversal and remand for further proceedings in the bankruptcy court. *In re Cepero*, 23-21612-CIV-RNS, End. Order, ECF No. 12 (S.D. Fla. Aug. 1, 2023).

      For similar reasons, the Court finds the Ceperos' appeal of the denial of their motion for fees mooted as well. The Court has reversed, in part, the contempt orders upon which the Receiver's Rule 60 motion was based. Furthermore, the sum total of the Ceperos' *ore tenus* fees motion, articulated by counsel, before the bankruptcy court, was as follows:

> Your honor, the only question that I have concerning the ruling [denying the Receiver's Rule 60 motion] is, we would also seek part of the contempt in everything that's going on with the appeal, that this is furtherance of – that we're entitled to attorney's fees.

(Apr. 11, 2023, Bankr. Hr'g Tr., 94:3–8, ECF No. 16, 94.) The bankruptcy court's response to that fee request was, in its entirety:

> Okay. That relief is denied, because I don't find that this is a – this is nothing to do with contemptuous behavior. This has to do with a separate action being brought by a receiver seeking relief. So I'm going to deny that motion with respect to the attorney's fees.

(*Id.* 94:9–14.) The Ceperos' underlying fees motion contained no analysis or detail of any kind, failing to even mention any of the bases or arguments they now raise on appeal. This, combined with the fact that the underlying contempt orders, at which the Rule 60 motion was targeted, have now been partially reversed, renders the appeal of the Ceperos' fees motion moot: as the Ceperos do not dispute, the Court's reversal indicates that at least some aspect of the Rule 60 was meritorious. And, importantly, the Ceperos failed to present any argument to the bankruptcy court that their fees motion was based on that portion of the Rule 60 motion that was ultimately unavailing. They also fail to supply any legal authority, below or in this Court, that would support an award of fees, as a matter of law, when a Rule 60 motion is at least partially meritorious.

      Accordingly, the Court **dismisses this appeal as moot** and directs the Clerk to **close** this case. Any pending motions are **denied as moot**

      **Done and ordered**, in Miami, Florida, on December 8, 2023.

_____
Robert N. Scola, Jr.
United States District Judge